UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN FELIX, *et al.*,

    Plaintiffs,

v.

GROUP HEALTH OF WASHINGTON, *et al.*,

    Defendants,

Case No. C11-1974RSL

ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT

This matter comes before the Court on the DSHS Defendants' motion for a more definite statement (Dkt. # 53). The Court GRANTS the motion.[1]

In its current form, Plaintiffs' Complaint (Dkt. # 2-1) contains no factual allegations specific to any of the individual DSHS Defendants. It merely lists a host of individual employees as Defendants and then alleges actions taken by Child Protective Services without any further reference to those individual employees. More is required. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

---

[1] The Court does recognize and applaud, however, the collegiality of Plaintiff's counsel and her willingness to accept the Attorney General's representations regarding the state's employees.

ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT - 1

1  To satisfy federal notice pleading standards, a plaintiff must plead sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiffs' Complaint fails to satisfy this standard. It provides no basis whatsoever for any liability on the part of the individual DSHS Defendants because it contains no allegations as to any. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side."); see also Iqbal, 129 S. Ct. at 1953 ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

Moreover, this lack of detail precludes each Defendant from being able to make any intelligent inquiry as to possible defenses. The Court does not think that Defendants should be put at risk of having waived a possible defense, see Fed. R. Civ. P. 12(h), because Plaintiffs do not yet know which were even involved in their case.

For all of the foregoing reasons, Defendants' motion is granted as to each of the "individually-named" DSHS Defendants described in their motion (Dkt. # 9). Plaintiffs are directed to file within 14 days of the date of this Order an amended complaint that provides sufficient factual detail regarding each's involvement in the circumstances of this case to state a plausible claim for liability and permit an intelligent response. Otherwise, the Court will dismiss without prejudice those Defendants for which Plaintiffs cannot articulate any factual allegations. See Fed. R. Civ. P. 12(e).

ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT - 2

DATED this 6th day of April, 2012.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT - 3